### Seymour W. Stevens *vs.* Jacob H. Hathorne.

If a party charged with a misdemeanor for which the party injured has a remedy by a civil
action has not been committed to prison or put under recognizance, an acknowledgment
by the latter in writing, but not under seal, before a magistrate or police court, of having
received satisfaction for the injury will not defeat an action brought by him against
another party to recover for the same injury, under Gen. Sts. *c.* 170, §§ 33, 34; but it
should be left to the jury to find if any consideration was paid for such acknowledgment.

Tort to recover damages for negligent management of the
defendant's omnibus, by the defendant's servant, by reason of
which it struck against the plaintiff's express wagon, and injured
it and the plaintiff.

At the trial in the superior court, before *Lord,* J., it appeared
that a complaint had been made by the plaintiff against Wil-
liam R. Guilford, the defendant's servant, for wilful and mali-
cious injury to the plaintiff's property and for an assault and
battery upon the plaintiff, the acts then complained of being the
same for which this action was brought. And the plaintiff filed
in that case a paper, signed by himself, and containing the fol-
lowing: "And now personally appears before said court the
injured party and signs the following acknowledgment: This

agreement is not to affect proceedings in civil actions against any parties for any offence charged as committed. The injured party hereby acknowledges that he has received satisfaction for the injury set forth in said complaint." Guilford was thereupon discharged.

The judge ruled upon these facts that this action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*J. P. Timony*, for the plaintiff.

*G. W. Park*, for the defendant.

CHAPMAN, J. This is an action of tort, in which the plaintiff alleges that the defendant by his servant so carelessly drove and managed his omnibus that it struck the plaintiff's wagon, and injured the wagon and the plaintiff. The defence is that the plaintiff prosecuted the servant, whose name is William R. Guilford, for this same act, by a complaint against Guilford in the police court of the city of Boston, and that the proceedings in that court, which are set forth in the bill of exceptions, are a bar to this suit. The proceedings are alleged to be in conformity with Gen. Sts. *c.* 170, §§ 33, 34. Those sections are a reënactment of Rev. Sts. *c.* 135, §§ 25, 26, and *St.* 1846, *c.* 198, and the court are of opinion that they apply only to cases where the magistrate commits a party to prison or takes his recognizance for his appearance before a higher court. This is evident from the fact that it is provided that his order discharging the recognizance shall be filed in the office of the clerk before the sitting of the court at which the party is bound to appear. It is further evident from the fact that there was no necessity to make any provision authorizing a magistrate to discharge a party from such a prosecution in a case where he has final jurisdiction. The case not being within the statute, the plaintiff's acknowledgment of satisfaction stands as it would at common law.

There can be but one satisfaction claimed for a tort, and generally the discharge of one wrongdoer discharges all. *Stone v. Dickinson*, 5 Allen, 29. But it must be a release under seal or for a good consideration. The paper signed by the plaintiff

in this case is not under seal, and whether any consideration was paid for it is a question for the jury, and not for the court.

*Exceptions sustained.*